FILED
SEP -
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.  )<br>)<br>ADAM LAMAR ROBINSON )<br>and KAREN KILGO ROBINSON )<br>)<br>)<br>)<br>)<br>) | CR. NO. __2:06cr223-MEF__<br>[18 USC 922(g)(1);<br>26 USC 5841;<br>26 USC 5861(d);<br>26 USC 5871;<br>18 USC 2]<br><br>INDICTMENT |

The Grand Jury charges:

## COUNT 1

Beginning from an unknown date continuing and up to and including June 15, 2006, in Autauga County, within the Middle District of Alabama,

ADAM LAMAR ROBINSON,

defendant herein, having been convicted of the following felonies, crimes punishable by imprisonment for terms exceeding one year under the laws of the Alabama, to-wit:

1) October 16, 1980, Burglary, in the Circuit Court of Morgan County, Alabama - Case Number 79-0718;

2) December 12, 1980, Felony Possession of a Pistol, in the Circuit Court of Morgan County, Alabama - Case Number 80-0594;

3) December 17, 1980, Burglary 3rd Degree, in the Circuit Court of Morgan County, Alabama - Case Number 80-0595;

4) September 14, 1987, Theft 2nd Degree, in the Circuit Court of Morgan County, Alabama - Case Number 84-0573;

did knowingly possess in and affecting commerce firearms, to-wit:

1) Norinco, model Mak-90, 7.62mm rifle;

2) Mossberg, 28 Inch Accu-Choke 12 gauge shotgun;

3) Lorcin, model L-380, .380 caliber pistol;

4) Remington, model 510, .22 caliber rifle;

5) Marlin, model 110M, .22 caliber rifle;

6) Ithaca, 12 gauge shotgun;

7) Mossberg, model 500 AG, 12 gauge shotgun;

8) Marlin, model 60W, .22 caliber rifle;

9) Smith and Wesson, model 442, .38 caliber revolver

10) SWD Derringer, model DD45, .45 caliber firearm;

11) A Weihrauch-Sport silencer - Nur fur "F".

All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT 2

Beginning from an unknown date and continuing up to and including June 15, 2006, in Autauga County, within the Middle District of Alabama,

ADAM LAMAR ROBINSON,
and KAREN KILGO ROBINSON

defendants herein, while aiding and abetting each other and others known and unknown to the grand jury, did knowingly possess firearms, firearm silencers and destructive devices, to-wit:

1) A Weihrauch-Sport silencer - Nur fur "F";

2) A metal cylindrical device approximately 12 inches x 1 3/4 inches designed as a firearm muffler or silencer;

3) A metal cylindrical device approximately 6 1/4 inches x 2 inches designed as a firearm muffler or silencer;

4) A metal cylindrical device approximately 4 ½ inches x 1 ½ inches designed as a firearm muffler or silencer;

5) A 1 ½ inch nominal diameter metal pipe measuring 6 inches in length containing a mixture of Hodgdon brand Pyrodex P and disc-shaped double base smokeless powder designed as a destructive device;

6) A 2 inch nominal diameter metal pipe measuring 6 inches in length containing 148 grams of zinc plated BBs and approximately 189 grams of 3/8 inch steel hunting shot and a mixture of Hodgdon brand Pyrodex P and disc-shaped double base smokeless powder designed as a destructive device;

7) A 2 inch plastic shell containing a primer and twelve 3/8 inch diameter steel hunting shot pellets and a mixture of Hodgdon brand Pyrodex P and disc-shaped double base smokeless powder designed as a destructive device;

8) A 2 inch plastic shell containing a primer one hundred grams of zinc-plated BBs and a mixture of Hodgdon brand Pyrodex P and disc-shaped double base smokeless powder designed as a destructive device;

all not registered in the National Firearms Registration and Transfer Record. All in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

## FORFEITURE ALLEGATION

A. Counts 1 and 2 of this indictment are hereby repeated and incorporated herein by reference.

B. Upon conviction for the violation alleged in Count 1 of this indictment, the defendant,

### ADAM LAMAR ROBINSON,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of this offense, including but not limited to the following:

1) Norinco, model Mak-90, 7.62mm rifle;

2) Mossberg, 28 Inch Accu-Choke 12 gauge shotgun;

    3)    Lorcin, model L-380, .380 caliber pistol;

    4)    Remington, model 510, .22 caliber rifle;

    5)    Marlin, model 110M, .22 caliber rifle;

    6)    Ithaca, 12 gauge shotgun;

    7)    Mossberg, model 500 AG, 12 gauge shotgun;

    8)    Marlin, model 60W, .22 caliber rifle;

    9)    Smith and Wesson, model 442, .38 caliber revolver;

    10)    SWD Derringer, model DD45, .45 caliber firearm.

    C.    If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

    (1)    cannot be located upon the exercise of due diligence;

    (2)    has been transferred, sold to, or deposited with a third person;

    (3)    has been placed beyond the jurisdiction of the court;

    (4)    has been substantially diminished in value; or,

    (5)    has been commingled with other property which cannot be divided without difficulty, the United States, pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), intends to seek an Order of this Court forfeiting any other property of said defendant up to the value of the property described in the above paragraphs.

    All in violation of Title 18, United States Code, Section 922.

A TRUE BILL:

_Janice Davis Williams_
Foreperson

_Leura G. Canary_
LEURA G. CANARY
United States Attorney

_John T. Harmon_
JOHN T. HARMON
Assistant United States Attorney

_Verne H. Speirs_
VERNE H. SPEIRS
Assistant Untied States Attorney