IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CASE NO. 2:06cr223-MEF |
| | ) | |
| ADAM LAMAR ROBINSON | ) | |

**DEFENDANT ADAM LAMAR ROBINSON'S MOTION TO SUPPRESS**

Comes now Defendant Adam Lamar Robinson, by and through counsel, and shows as follows:

**Issues Presented**

1.   This motion to suppress relates to searches conducted by government agents on June 1, 2006 in Chicago, Illinois; on June 15, 2006 in Deatsville, Alabama; and between August 12, 2006 and September 25, 2006 in Chattanooga, Tennessee.

2.   This motion involves the following issues:

a.   Whether a search in Chicago, Illinois of article of mail addressed to Defendant Adam Lamar Robinson at his address in Deatsville, Alabama violated the Fourth Amendment to the United States Constitution and 19 U.S.C. § 482.

b.   Whether a search of Defendant Adam Lamar Robinson's residence was a fruit of the aforementioned search of the article of mail and, independently, violated the Fourth Amendment to the United States Constitution.

c.   Whether a search of a personal computer seized from Defendant Adam Lamar Robinson's residence was a fruit of the aforementioned searches and, independently, violated the Fourth Amendment to the United States Constitution.

**Factual Background and Incorporated Memorandum of Law**

3.   To pass muster under the Fourth Amendment and 19 U.S.C. § 482, a warrantless search of incoming international mail must be based upon reasonable suspicion of criminality.  United States v. Ramsey, 431 U.S. 606, 612, 97 S.Ct. 1972, 1977, 52 L.Ed.2d 617 (1977).  See also, 19 U.S.C. § 482 ("Any of the officers or persons or persons authorized to board or search vessels may … search any trunk or envelope, wherever found, in which he may have reasonable cause to suspect that there is merchandise which was imported contrary to law….")

4.   According to an affidavit, (Attachment A), used to obtain a search warrant for Defendant Adam Lamar Robinson's residence,

> On June 1, 2006, U.S. Customs and Border Protection (CBP) Inspector D. Nugent in Chicago, Illinois was assigned to work foreign mail when he intercepted a parcel coming from Maulberg, Germany.  The package was destined for Adam ROBINSON at 1708 Formosa Court, Deatsville, Alabama, 36022  USA.  The parcel was also marked declaring it as a "CO-2-Set".  Upon further investigation, Officer Nugent discovered the parcel contained an item which he believed to be a silencer for a firearm.  A "firearm silencer" or "firearm muffler" means any device for silencing or muffling, or diminishing the report of a portable firearm, including any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler, and any part intended only for use in such assembly or fabrication.  (See Title 18, United States Code, Section 921(a)(24)).  The parcel also contained a document in the English and German language stating that the item was a Weihrauch-silencer.  The documentation included installation instructions.

5.   As may be gleaned from this, federal agents searched the article of mail addressed to Defendant Adam Lamar Robinson without first having obtained a search warrant.  However, there was not reasonable suspicion of criminality to support the warrantless search of the article of mail addressed to Defendant Adam Lamar Robinson.

6. After this search, the article of mail was sent by federal agents in Chicago, Illinois to federal agents in Montgomery, Alabama.

7. On June 14, 2006, federal agents in Montgomery, Alabama procured an anticipatory search warrant, (Attachment B), to search Defendant Adam Lamar Robinson's residence. The search warrant affidavit, (Attachment A), referenced the aforementioned search in Chicago, Illinois, which was done without a warrant and without reasonable suspicion of criminality.

8. Thus, the warrant to search Defendant Adam Lamar Robinson's residence was a fruit of the aforementioned warrantless search in Chicago, Illinois.  As such, its own fruits are likewise excludable.  Wong Sun v. United States, 371 U.S. 471 (1963).

9. Apart from information derived from the aforementioned search, the search warrant affidavit information did not provide the issuing authority with a "substantial basis" for determining probable cause to believe that contraband or evidence of a crime would be found at Defendant Adam Lamar Robinson's residence.  See, Illinois v. Gates, 462 U.S. 213, 238-239 (1983)(evidence presented in support of an application for a search warrant must provide issuing authority with a "substantial basis" for determining probable cause). Accordingly, the warrant does not pass muster under the Fourth Amendment.

10. Upon executing the search warrant at Defendant Adam Lamar Robinson's residence, federal agents and other government agents seized numerous items of evidence which the government contends are incriminating and some of which serve as the basis for the charges against Defendant Adam Lamar Robinson in this case.

11. Among the items seized was a personal computer.

12. On August 8, 2006, federal agents procured a search warrant, (Attachment D), for the personal computer seized from Defendant Adam Lamar Robinson's residence. The search warrant affidavit, (Attachment C), referenced the aforementioned search in Chicago, Illinois and the aforementioned search of Defendant Adam Lamar Robinson's residence. Thus, the warrant to search the personal computer was a fruit of the aforementioned warrantless search in Chicago, Illinois and the search of Defendant Adam Lamar Robinson's residence. As such, its own fruits are likewise excludable. Wong Sun v. United States, 371 U.S. 471 (1963).

13. Apart from information derived from the aforementioned searches, the search warrant affidavit information did not provide the issuing authority with a "substantial basis" for determining probable cause to believe that contraband or evidence of a crime would be found in the personal computer. See, Illinois v. Gates, 462 U.S. 213, 238-239 (1983)(evidence presented in support of an application for a search warrant must provide issuing authority with a "substantial basis" for determining probable cause). Accordingly, the warrant does not pass muster under the Fourth Amendment.

14. The personal computer was sent by federal agents in Montgomery, Alabama to federal agents in Chattanooga, Tennessee. Upon executing the warrant to search the personal computer between August 12, 2006 and September 25, 2006, federal agents obtained information which the government contends is incriminating.

15. Based upon the foregoing, Defendant Adam Lamar Robinson contends that the aforementioned searches were violative of the Fourth Amendment to the United States Constitution and 19 U.S.C. § 482.

WHEREFORE, Defendant Adam Lamar Robinson moves this Court to st this motion for a hearing and after taking evidence and arguments to enter an order suppressing the fruits of the searches complained of herein.

**s/ Thomas M. Goggans**
Ala. S.J.I.S. GOG001
2030 East Second Street
Montgomery AL 36106
PH; 334.834.2511
FX: 334.834.2512
e-mail tgoggans@tgoggans.com

Attorney for Defendant
Adam Lamar Robinson

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this the 6th day of November, 2006, electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification to each of the following: Verne H. Speirs, John T. Harmon, and Richard K. Keith.

**s/ Thomas M. Goggans**
Ala. S.J.I.S. GOG001
2030 East Second Street
Montgomery AL 36106
PH; 334.834.2511
FX: 334.834.2512
e-mail tgoggans@tgoggans.com

Attorney for Defendant
Adam Lamar Robinson

# *United States District Court*

JUN 2 8 2006

_____MIDDLE_____ DISTRICT OF _____ALABAMA_____

CLERK
U. S. DISTRICT COUF
MIDDLE DIST. OF AL

### In the matter of the Search of

(Name, address or brief description of person, property or premises to be searched)

## See Attachment A

## APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT

CASE NUMBER: 2: O6mj66-CSC

I _____Timothy Fitzpatrick_____ being duly sworn depose and say:

I am a(n) _agent with the Bureau of Alcohol, Tobacco, Firearms, & Explosives_ and have reason to

believe that ☐ on the person of or ☒ on the property or premises known as (name, description and/or location)

### See Attachment A,

in the _____Middle_____ District of ____Alabama____

there is now concealed a certain person or property, namely (describe the person or property to be seized)

### See Attachment B

.vhich is (state one or more bases for search set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)

### property that constitutes evidence of the commission of a criminal offense,

concerning a violation of Title _26_ United States Code, Section(s) _5861_

The facts to support the issuance of a Search Warrant are as follows:

### See Attached Affidavit

Continued on the attached sheet and made a part hereof:    ☒ Yes    ☐ No

Signature of Affiant

Sworn to before me and subscribed in my presence,

JUNE 14, 2006                                        at ____Montgomery, Alabama____
Date                                                              City and State
CHARLES S. COODY
United States Magistrate Judge
Name & Title of Judicial Officer                        Signature of Judicial Officer

ATTACHMENT A

*ATTACHMENT A*

## DESCRIPTIONS OF THINGS TO BE SEARCHED

### *The Premises*

The Premises of Adam Lamar Robinson
Address: 1708 Formosa Court
including all outbuildings and appurtenances thereto
in the City of Deatsville
in the County of Autauga
in the Middle District of Alabama

### *The Vehicle*

N/A

### *Premises' Physical Description*

Stories - 1
Construction Type – Brick
Color - Red with green shutters
Garage/Carport – Attached carport on right side of residence.  Shed in the rear yard of the residence, tan in color

ATTACHMENT B

DESCRIPTION OF EVIDENCE TO BE SEARCHED FOR AND SEIZED

*FIREARMS*

One Weihrauch Silencer, no serial number

Any firearms and/or ammunition as defined in Title 18, Chapter 44, Section 921.

*DOCUMENTS*

All documents and/or data relating to the possession, transfer or purchase of firearms, to include computer equipment and or phone records.

*INDICIA OF CONTROL OF THE PREMESES*

Records that establish the persons who have control, possession, custody or dominion over the property and vehicles searched and from which evidence is seized, such as: personal mail, checkbooks, personal identification, notes, other correspondence, utility bills, rent receipts, payment receipts, financial documents, keys, photographs (developed or undeveloped), leases, mortgage bills, and vehicle registration information or ownership warranties, receipts for vehicle parts and repairs and telephone answering machine introductions and fingerprints.

*AFFIDAVIT*

I, the undersigned affiant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. My name is Timothy C. Fitzpatrick. I am a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). I am presently assigned to the Montgomery, Alabama Field Office. The Montgomery Field Office is one of several ATF offices supervised by the Nashville Field Division, which encompasses Alabama and Tennessee. The Montgomery Field Office's area of operation is the Middle Federal Judicial District of Alabama.

In 1992, I graduated from the New Orleans Police Department Academy and served as a police officer until 1997. During my tenure with the New Orleans Police Department I served as an investigator for approximately three years. In 1997, I graduated from the Louisiana State Police Academy and served as a State Trooper until 2004. During my tenure with the Louisiana State Police I served as a narcotics investigator for approximately four years. In 1999, I received an Associate of Arts Degree in Criminal Justice from Delgado Community College in New Orleans and in 2001; I received a Bachelor of Criminal Justice Degree from Loyola University in New Orleans. I am a graduate of the Criminal Investigator Training Program at the Federal Law Enforcement Training Center and a graduate of Special Agent Basic Training at the ATF National Academy. I have been a Special Agent with ATF since August 2004.

My duty as a Special Agent is to enforce federal law. As an ATF Special Agent, I investigate violations of federal firearms and explosive laws. As a result of my training and experience as an ATF Special Agent, I am familiar with Federal criminal laws and know that it is a violation of Title 26 U.S.C. Chapter 53 Section 5861(d) to receive or possess a firearm which is not registered to him in the Nation Firearms Registration and Transfer Record

or (i) to receive or possess a firearm which is not identified by a serial number as required by this chapter or (k) to receive or possess a firearm which has been imported or brought into the United States in violation of section 5844.

Based on my experience in conducting and participating in search warrants, the experience and knowledge of conducting search warrants to which I have been exposed, and my instruction at the ATF academy, I know:

1.     That persons possess in their residences, businesses, other real property and vehicles over which they have dominion and control, documents which indicate their occupancy and/or ownership such as: personal mail, checkbooks, identification, notes, correspondence, utility bills, rent receipts, payment receipts, financial documents, keys, photographs, leases, mortgage bills, vehicle registration information, ownership warranties, receipts for vehicle parts and repairs, telephone answering machine introductions, that persons often have containers of undeveloped photographic film, containing photographs (when developed) of themselves occupying the property and vehicles and that these containers of film are usually located within the property and/or vehicles which are under their dominion and control.

2.     That most people store their firearms in their homes; and

3.     That persons who possess firearms usually possess other items related to firearms, such as: gun cases, ammunition, ammunition magazines. holsters. spare parts, cleaning equipment, photographs of firearms and receipts for the purchase of these items.

4.   This affidavit is being made in support of an application for an **anticipatory warrant** to search the
     entire premises located at 1708 Formosa Court. Deatsville. Alabama. The premises to be searched are
     more particularly described in Attachment "A" of this affidavit.

5.   The factual information contained in this application and affidavit is based upon my investigation and
     upon information provided to me orally and in written form by other law enforcement officers. Because
     this affidavit is being submitted for the purpose of securing an anticipatory search warrant, it does not
     contain all the information from the investigation, but only those facts deemed necessary to establish
     probable cause for the requested anticipatory search warrant.

6.   I have probable cause to believe that evidence in violation of Title 26, United States Code, Chapter 53,
     Section 5861 involving the importation of firearms and prohibited parts into the United States as well as
     the unregistered possession or transfer of firearms and prohibited firearm parts by individual(s), will be
     located on and within the premises of 1708 Formosa Court. Based upon the following information,
     there is probable cause to believe that the above identified premises will contain contraband upon
     delivery of the requested item, described as a silencer, as defined in Title 18 United States Code, Section
     921. A silencer is further classified as a firearm in Title 26, United States Code, Section 5845.
     Additionally, it is believed the premises will contain evidence, fruits, and instrumentalities of receipt
     and possession of firearms and firearm parts, as described below and in Attachment B.

7.   On June 1, 2006, U.S. Customs and Border Protection (CBP) Inspector D. Nugent in Chicago, Illinois
     was assigned to work foreign mail when he intercepted a parcel coming from Maulburg, Germany. The

package was destined for Adam ROBINSON at 1708 Formosa Court, Deatsville, Alabama, 36022 USA. The parcel was also marked declaring it as a "CO-2-Set". Upon further investigation, Officer Nugent discovered the parcel contained an item which he believed to be a silencer for a firearm. A "firearm silencer" or "firearm muffler" means any device for silencing or muffling, or diminishing the report of a portable firearm, including any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler, and any part intended only for use in such assembly or fabrication. (See Title 18, United States Code, Section 921(a)(24)). The parcel also contained a document in the English and German language stating the item was a Weihrauch-Silencer. The documentation included installation instructions.

8.     On June 2, 2006, Immigration and Customs Enforcement (ICE) Special Agent David Henderson transferred the mail package containing the silencer to your Affiant. The silencer did not have an identifying serial number stamped on it as required by federal law. Your Affiant subsequently forwarded the silencer to the ATF Firearms Technology Branch (FTB) for an official determination of the silencer.

9.     On June 6, 2006, Ed Turner of the ATF Firearm Technology Branch contacted your Affiant and provided me with a verbal confirmation that the product was classified as a silencer based on it characteristics and his physical evaluation of the item. On June 9, 2006, your Affiant faxed information regarding ROBINSON to the National Firearms Registration and Transfer Record and requested a check for any lawful possession or registration of the silencer. On June 14, 2006, the National Firearms Registration and Transfer Record personnel reported to your Affiant that ROBINSON has no firearms, to include silencers, registered to him in the National Firearms Registration and Transfer Record.

10.    Between the dates of June 14, 2006, and June 21, 2006, ATF agents in conjunction with the United

States Postal Inspection Service will initiate a controlled delivery of the mail package containing the

silencer to ROBINSON's residence. At the residence, a United States Postal Inspector will act as a mail

carrier. Once the package is delivered to 1708 Formosa Court, ATF agents will await and verify the

package has moved into the residence by hand delivery from the undercover mail carrier or the retrieval

of the mail by the resident at 1708 Formosa Court. Prior to initiating the search, agents will allow

reasonable time for the package to be opened inside the residence. After waiting a reasonable time,

federal agents will then execute the anticipatory search warrant.

11.    Criminal History checks indicate that ROBINSON is a multi-convicted felon in the state of Alabama.

According to criminal records, ROBINSON was convicted in 1981 for felony possession of a pistol and

Burglary III. Furthermore, in 1987, ROBINSON was convicted of Theft 2nd Degree. The criminal

record check also indicates ROBINSON is currently on parole until 2012. However, according to the

Alabama Department of Pardon and Parole, ROBINSON may have been pardoned in 1997 for these

crimes. To date, no certificate of pardon for ROBINSON has been located by the Alabama Department

of Pardon and Parole.

Based on the foregoing facts, my knowledge and experience, I believe there is probable cause to believe that the

items requested in this search warrant application will be found at the place to be searched and will constitute

evidence of violations of Title 26, United States Code, Section 5861. Therefore, I respectfully request that this

honorable court issue the requested anticipatory search warrant for 1708 Formosa Court, Deatsville, Alabama

36022.

Timothy Fitzpatrick, Special Agent, ATF

Sworn to and subscribed by me this _19th_ day of June, 2006.

_____
U.S. MAGISTRATE JUDGE

# *United States District Court*

_____ MIDDLE _____ DISTRICT OF _____ ALABAMA _____

In the matter of the Search of
(Name, address or brief description of person, property or premises
to be searched)

See Attachment A

### SEARCH WARRANT

CASE NUMBER:   2:06mj66-CSC

TO: _____ and any Authorized Officer of the United States

Affidavit(s) having been made before me by _Timothy Fitzpatrick, Bureau of Alcohol, Tobacco, Firearms,_
                                                                              Affiant

& Explosives, who has reason to believe that □ on the person of or ☒ on the property or premises known
as (name, description and/or location)

See Attachment A

in the _____ Middle _____ District of _____ Alabama _____ there is now

concealed a certain person or property, namely (describe the person or property)

ιe Attachment B

I am satisfied that the affidavit(s) and any record testimony establish probable cause to believe that the
person or property so described is now concealed on the person or premises above-described and establish
grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED to search on or before _____ *June 24, 2006*
                                                                                            Date

(not to exceed 10 days) the person or place named above for the person or property specified, serving this
warrant and making the search (in the daytime -- 6:00 A.M. to 10:00 P.M.) (at any time in the day or night
as I find reasonable cause has been established) and if the person or property be found there to seize same,
leaving a copy of this warrant and receipt for the person or property taken, and prepare a written inventory
of the person or property seized and promptly return this warrant to ___ *Charles S. Coody* ___
as required by law.                                                                          U. S. Judge or Magistrate Judge

JUNE 14, 2006   ☉ *2:24 p.m.* ___ at ___ Montgomery, Alabama _____
Date and Time Issued                                      City and State
CHARLES S. COODY
United States Magistrate Judge
Name & Title of Judicial Officer                          Signature of Judicial Officer

ATTACHMENT B

FILED

# United States District Court

AUG 1 4 2006

_____MIDDLE_____ DISTRICT OF _____ALABAMA_____

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA

### In the matter of the Search of

(Name, address or brief description of person, property or premises
to be searched)

HP Pavilion personal computer,
serial number CNH5380NN8

## APPLICATION AND AFFIDAVIT
## FOR SEARCH WARRANT

CASE NUMBER: $2:06mj80$-SRW

I, ___Timothy C. Fitzpatrick___ being duly sworn depose and say:

I am a(n) _____Special Agent_____ and have reason to believe
that ☐ on the person of or ☒ on the property or premises known as (name, description and/or location)

HP Pavilion  personal computer, serial number CNH5380NN8

in the _____Middle_____ District of _____Alabama_____

there is now concealed a certain person or property, namely (describe the person or property to be seized)

SEE AFFIDAVIT

which is (state one or more bases for search set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)

**property that constitutes evidence of the commission of a criminal offense, contraband, and property that
has been used as a means of committing a criminal offense**

concerning violations of Title 26 United States Code, Sections 5822, 5841, 5861(d) & 5871    .

The facts to support the issuance of a Search Warrant are as follows:

### SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof:    ☒ Yes    ☐ No

Signature of Affiant

Sworn to before me and subscribed in my presence,

August 8, 2006                                                    at    Montgomery, Alabama

Date                                                                        City and State

Susan Russ Walker, U.S. Magistrate Judge

Name and Title of Judicial Officer                          Signature of Judicial Officer

ATTACHMENT C

## SEARCH WARRANT AFFIDAVIT

I, Timothy C. Fitzpatrick, being duly sworn, depose and state:

I am a Special Agent of the United States Justice Department's Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since August 2004. I am currently assigned to the Montgomery Field Office and have participated in numerous investigations that fall under the investigative jurisdiction of ATF including, but not limited to, violations involving the unlawful manufacture and possession of firearms, explosives and destructive devices.

I am a graduate of the New Orleans Police Academy and served as a New Orleans Police Officer from 1992 to 1997. I am also a graduate of the Louisiana State Police Academy and served as a Louisiana State Trooper from 1997 until 2004. Additionally, I am a graduate of the Federal Law Enforcement Training Center's Criminal Investigator Training Program and the ATF National Academy's Special Agent Basic Training program. I also have a Bachelor's degree in Criminal Justice from Loyola University in New Orleans.

I make this affidavit in support of a warrant to search a HP Pavilion personal computer serial number CNH5380NN8 and any hard disk drives (HDD) contained within for hardware, software, hard drives, files, directories, subdirectories, data banks, magnetic, optical and electronic data storage, records, documentation, materials, information, images and data pertaining to the unlawful manufacture and possession of firearms, explosives or destructive devices and related violations. The listed items are currently located at the ATF Field Office in Chattanooga, Tennessee.

Recently, I conferred with ATF Special Agent and Digital Investigator Neil Harper of the Chattanooga Field Office. SA Harper has special training and knowledge regarding computer

1

forensic examinations and has more than 250 classroom hours of computer forensic related training. SA Harper said that he knows that electronic digital media may be utilized by one engaging in criminal activity in two distinct and important respects: (1) as instrumentalities for the violations of Federal laws enumerated herein and (2) as devices used in conjunction with the collection and storage of electronic data and records. Specifically, according to SA Neil Harper, the Internet has numerous sites dedicated to explaining and detailing the construction of homemade silencers. Many of these sites detail the use of common household items that can be fashioned into devices to silence firearms. These items range from common soda bottles to lengths of metal containing steel wool or other substances. In addition, the Internet contains information on the design and construction of homemade destructive devices, pipe bombs and improvised explosive devices. These sites often detail specific types of explosive powder to achieve maximum explosive effect and suggests items suited for shrapnel. Shrapnel is often found inside homemade destructive devices and/or pipe bombs to inflict maximum injury to life and property.

Finally, I am aware that the search and seizure of electronic digital media, hardware, software, documentation, passwords and data security devices, both as instrumentalities of criminal activity or as storage devices for evidence thereof, is contemplated in and permitted by Rule 41 of the Federal Rules of Criminal Procedure.

<u>Items to be seized as instrumentalities</u>

Electronic digital media is described as any and all computer equipment, including any electronic devices which are capable of collecting, analyzing, creating, displaying, converting, storing, concealing or transmitting electronic, magnetic, optical or similar computer impulses or data.

The item specifically described herein is the HP Pavilion personal computer serial number CNH5380NN8 and any hard disk drives contained within which were found at 1708 Formosa Court Deatsville, Alabama, on June 21, 2006, and seized as evidence pursuant to the Federal search warrant which was issued in the Middle District of Alabama case number 2:06mj66-CSC. It is believed that the electronic digital media described above was used prior to and in relation to the commission of certain Federal criminal offenses.

As a result of the previous search warrant executed on June 21, 2006, ATF Agents seized, among other items, multiple firearms and ammunition, as well as:

Three homemade firearm silencers;

One envelope (US Mail) containing a Weihrauch German firearm silencer;

Six bottles of Tannerite Binary Explosive;

Two suspected homemade pipe bombs, one containing shrapnel;

Two suspected 37mm improvised explosive devices;

One container of Pyrodex black powder;

One box of homemade firework devices.

Additionally, inside of the box which contained the Weihrauch silencer, there were instructions which included the Uniform Resource Locator (URL) http://www.weihrauch-sport.de/. On July 12, 2006, I accessed this web site which is the domain for "Weihrauch Sport" which advertises silencers for sale and indicates they are made in Germany. In addition, your Affiant secured evidence that ADAM ROBINSON has previously had access to the Internet because documents recovered from the initial search warrant at 1708 Formosa Court, Deatsville, Alabama, show access to an Internet site belonging to Alabama Department of Public Safety. According to the recovered documents, the site was accessed on 6/10/2006. The recovered documents include the

3

following Internet website address: http://www.dps.state.al.us/public/highwaypatrol/me_points.asp.
According to my investigation, this website is used to calculate points accrued against an individual
driver's license for various traffic infractions. Your Affiant knows that ADAM ROBINSON is a
truck driver and as such would have cause to access the Internet to calculate points against his
driver's license. Finally, the HP Pavilion personal computer serial number CNH5380NN8 was
recovered in an area of 1708 Formosa Court, Deatsville, Alabama, surrounded by ADAM
ROBINSON's personal belongings. These items included various bills, check registers and
documents showing his access and use of the HP Pavilion personal computer serial number
CNH5380NN8. During the search of 1708 Formosa Court, Deatsville, Alabama, another personal
computer was located however there was minimal evidence of use or access by ADAM
ROBINSON.

Based upon the recovery of the homemade silencers, the homemade pipe bombs, two
suspected improvised explosive devices, documentation containing a Uniform Resource Locator for
a German company that manufactures firearm silencers and evidence of ROBINSON's Internet
usage, your Affiant believes there is probable cause that the previously seized HP Pavilion personal
computer serial number CNH5380NN8 and any hard disk drives contained within, contain evidence
supporting a violation of Title 26, United States Code, Sections 5822, 5841, 5861(d), and 5871.
These federal statutes criminalize the possession and/or unlawful manufacture of silencers, firearms,
destructive devices and improvised explosive devices that have not been registered in the National
Firearms Registration and Transfer Record. Probable cause exists to believe that the HP Pavilion
personal computer serial number CNH5380NN8 was used to access Internet sites that contain
instructions and design specifications to aid manufacturing homemade silencers, pipe bombs and
improvised explosive devices similar to those recovered on June 21, 2006, and that the HP Pavilion

4

personal computer serial number CNH53S0NN8 was used to order, via the Internet, the Weihrauch German firearms silencer.

Finally, based upon the my knowledge and experience, I know that it is common for people who possess firearms and explosives and who manufacture firearms and explosives to keep publications about firearms and also to research and purchase related items on the Internet using a computer.

Items to be seized as evidence

This data may be more fully described as any information stored in the form of electronic, magnetic, optical or other coding capable of being read by a computer or computer-related equipment. The terms "records, documents and materials, including those used to facilitate communications" as used above and includes all of the foregoing items of evidence in whatever form and by whatever means such records or their modifications may have been created or stored including, but not limited to, items identified in the following definitions. Because such information is believed to have been used to facilitate the unlawful activities of Mr. Robinson, probable cause exists to search such media as property that constitutes evidence of the commission of a criminal offense.

The following definitions are applicable herein;

Hardware.  Computer hardware consists of all equipment that can collect, analyze, create, display, convert, store, conceal, or transmit electronic, magnetic, optical, or similar computer impulses or data. Hardware includes, but is not limited to, any data-processing devices such as central processing units, memory typewriters, and self-contained "laptop" or "notebook" computers: internal and peripheral storage devices such as fixed disks, external hard disks, floppy disk drives and diskettes, tape drives and tapes, optical storage devices, transistor-like binary devices, and other

5

memory storage devices; peripheral input output devices such as keyboards, printers, scanners, plotters, video display monitors, and optical readers; and related communication devices such as modems, cables and connections, recording equipment, RAM or ROM units, acoustic couplers, automatic dialers, speed dialers, programmable telephone dialing or signaling devices, and electronic tone-generating devices; as well as any devices, mechanisms, or parts that can be used to restrict access to computer hardware such as physical keys and locks.

Software. Computer software is digital information that can be interpreted by a computer and any of its related components to direct the way they work. Software is stored in electronic, magnetic, optical, or other digital form. It commonly includes programs to run operating system applications like work processing, graphics, or spreadsheet programs, utilities, source code, object code, compilers, interpreters, and communications programs.

Documentation. Computer related documentation consists of written, recorded, printed, or electronically stored material that explains or illustrates how to configure or use computer hardware, software, or other related items.

Passwords and Data Security Devices. Computer passwords and other data security devices are designed to restrict access to or hide computer software, documentation, or data. Data security devices may consist of hardware, software, or other programming code. A password (a string of alpha-numeric characters) usually operates as a sort of digital key to "unlock" particular data security devices. Data security hardware may include encryption devices, chips, and circuit boards. Data security software or digital code may include programming code that creates "test" keys or "hot" keys, which perform certain preset security functions when touched. Data security software or code may also encrypt, compress, hide, or "booby-trap" protected data to make it inaccessible or unusable, as well as reverse the process to restore it.

Forms of Information. The terms "record", "documents" and "materials" include all of the foregoing items of evidence in whatever form and by whatever means such records, documents, or materials, their drafts, or their modifications may have been created or stored, including, but not limited to, any handmade form (such as writing, drawing, with any implement on any surface, directly or indirectly); any photographic form, such as microfilm, microfiche, photocopies; any mechanical form such as printing or typing; any electrical, electronic or magnetic form such as cassettes, compact discs, or any information on an electronic or magnetic storage device, such as floppy diskettes, hard disks, backup tapes, CD-ROMS, optical discs, printer buffers, smart cards, memory calculators, electronic dialers, Bernoulli drives, or electronic notebooks, as well as printouts or readouts from any magnetic storage device.

### Seizure of equipment and data

Based upon the information provided to me by SA Harper who has special knowledge and experience in the field of computer forensics, I know that in order to completely and accurately retrieve data maintained in electronic digital media, to insure accuracy and completeness of such data and to prevent the loss of the data either from accidental or programmed destruction, it is often necessary that the digital media seized be forensically copied and the evidence copy be subsequently processed by a qualified computer specialist all in a laboratory setting.

### Analysis of electronic data

The analysis of electronically stored data may entail any or all of several different techniques. Such techniques may include, but shall not be limited to, surveying various file "directories" and the individual files they contain. This is analogous to looking at the outside of a file cabinet for the markings it contains and opening a drawer believed to contain pertinent files; "opening" or reading the first few "pages" of such files in order to determine their precise contents;

"scanning" storage areas to discover and possibly recover recently deleted data; scanning storage areas for deliberately hidden files; or performing electronic "key-word" searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation.

Therefore, based on the information contained within this affidavit, I believe there is probable cause that evidence of Federal firearms and explosives violations currently exists within the electronic digital media heretofore described.

Timothy C. Fitzpatrick, Affiant
ATF Special Agent

Sworn before me this
8th day of August 2006

Susan Russ Walker
United States Magistrate Judge

8

FILED

# United States District Court

AUG 1 4 2006

_____ MIDDLE _____ DISTRICT OF _____ ALABAMA

CLERK
U. S. DISTRICT COURT
MIDDLE DIST OF ALA.

### In the matter of the Search of
(Name, address or brief description of
person, property or premises to be
searched)

SEARCH WARRANT

CASE NUMBER: 2:06mj81-SRW

HP Pavilion personal computer,
serial number CNH5380NN8

TO:    SA Timothy C. Fitzpatrick                    and any Authorized Officer of the United States

Affidavit(s) having been made before me by _____ SA Timothy C. Fitzpatrick _____ who
                                                              Affiant

has reason to believe that ☐ on the person of or ☒ on the property or premises known as (name, description
and/or location)

HP Pavilion personal computer, serial number CNH5380NN8

in the _____ Middle _____ District of _____ Alabama _____ there is now

concealed a certain person or property, namely (describe the person or property)

### SEE AFFIDAVIT

I am satisfied that the affidavit(s) and any record testimony establish probable cause to believe that the person or
property so described is now concealed on the person or premises above-described and establish grounds for the
issuance of this warrant.

YOU ARE HEREBY COMMANDED to search on or before _August 18, 2006_ SR
                                                                              Date

(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and
making the search (in the daytime -- 6:00 A.M. to 10:00 P.M.) (at any time in the day or night as I find reasonable cause
has been established) SR and if the person or property be found there to seize same, leaving a copy of this warrant and
receipt for the person or property taken, and prepare a written inventory of the person or property seized and promptly
return this warrant to _the undersigned_ _____ as required by law.
                            U. S. Judge or Magistrate Judge

August 8, 2006                                    at    Montgomery, Alabama

Date                                                     City and State

Susan Russ Walker, U.S. Magistrate Judge

Name and Title of Judicial Officer                       Signature of Judicial Officer

ATTACHMENT D