IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-cr-223-MEF |
| | ) | (WO) |
| ADAM LAMAR ROBINSON | ) | |
| KAREN KILGO ROBINSON | ) | |

## O R D E R

The defendants filed Unopposed Motions to Continue Trial (Doc. #62 and #63). While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course, limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter. 18 U.S.C. §3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

The Act excludes from this 70 day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

The motions state that defendant Adam Lamar Robinson filed a motion to suppress to which a recommendation was entered by the court on February 21, 2007. Objections are due to be filed on March 6, 2007. This defendant and the government are in plea

negotiations. These negotiations will impact the case of co-defendant Karen Kilgo Robinson. Additional time is needed for defendant Adam Lamar Robinson and the government to complete the negotiations and avoid final trial preparations for a trial that now appears most likely will not come to pass. All counsel, including government counsel, have no opposition to a continuance. Consequently, the court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial. *See United States v. Davenport*, 935 F.2d 1223, 1235 (11th Cir. 1991)(reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED:

1. That the defendants' motions are GRANTED;

2. That the trial of this case is continued from the March 12, 2007 trial term to the July 9, 2007 trial term.

3. That the Magistrate Judge conduct a pretrial conference prior to the July 9, 2007 trial term.

DONE this the 22nd day of February, 2007.

      /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE