IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-cr-223-MEF |
| | ) | |
| ADAM LAMAR ROBINSON, | ) | (WO - Recommended for Publication) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

On October 30, 2007, this Court held a sentencing hearing involving Adam Robinson ("Robinson"), where Robinson pled guilty to one count of Felon in Possession of a Firearm (18 U.S.C. § 922(g)(1)), and one count of Receiving or Possessing a Firearm Not Registered in the National Firearms Registration and Transfer Record (26 U.S.C. § 5861(d)). The Probation Office recommended a sentence of 180 months pursuant to the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(1) ("ACCA"). At the hearing, this Court held that the ACCA did not apply to Robinson and sentenced him to 64 months incarceration. This Memorandum Opinion lays out the factual and legal basis for the Court's decision.

**I. FACTS**

Robinson was indicted on September 7, 2006, on two counts for conduct occurring in Autauga County, Alabama. Count one charged Robinson with a violation of 18 U.S.C. § 922(g)(1), which prohibits a person who has been convicted of a felony punishable by imprisonment for a term exceeding one year from knowingly possessing a firearm affecting commerce. Count two charged Robinson with a violation of 26 U.S.C. § 5861(d) for

knowingly possessing firearms not registered in the National Firearms Registration and Transfer Record. The Indictment alleged that Robinson knowingly possessed four rifles, three shotguns, three handguns, four silencers, two pipe bombs, and two two-inch shells designed as destructive devices.

On July 25, 2007, Robinson entered into a plea agreement with the Government. The agreement specified that Robinson would plead guilty to both counts in the indictment and forfeit all firearms, ammunition, and weapon-making tools in his possession. In exchange, the Government agreed to move for a three-level reduction in Robinson's offense level pursuant to USSG § 3E1.1(b) and to dismiss certain related charges filed against Robinson's wife. In the factual basis of the plea agreement, Robinson admitted to knowing possession of all of the weapons charged in the indictment. The agreement gave Robinson the right to revoke his guilty plea if this Court found that the ACCA mandatory sentencing provisions applied to him.

The Probation Office recommended that this Court should find that Robinson's criminal record triggered the sentencing provisions of the ACCA. Robinson's criminal history is as follows:

1) On November 17, 1978, Robinson pled guilty as a youthful offender to Burglary in the Morgan County Circuit Court, and he was sentenced to 2 years confinement. Robinson was 15 years old when he was arrested on this charge.

2) On October 16, 1980, Robinson pled guilty to Burglary in the Second Degree

in the Morgan County Circuit Court, and he was sentenced to 18 months confinement. Robinson was 17 years old when he was arrested on this charge.

3) On December 12, 1980, Robinson pled guilty to (a) Felony Possession of a Pistol and (b) Burglary in the Third Degree in Morgan County Circuit Court, and he was sentenced to 5 years confinement. He was 18 years old when he was arrested on these charges.

4) On September 14, 1987, Robinson pled guilty to three counts of Theft of Property in the Second Degree in the Morgan County Circuit Court, and he was sentenced to 25 years confinement. Robinson was 21 years old when he was arrested on these charges.

Robinson was paroled on March 12, 1990, for his 1987 sentence for theft of property. On April 7, 1997, Robinson received a partial pardon for his crimes. This pardon restored his civil and political rights, but it did not restore his right to possess firearms.

## II. DISCUSSION

The issue presented to this Court is whether Robinson's November 17, 1978 adjudication under Alabama's Youthful Offender Act, Ala. Code § 15-19-1, for an offense he committed when he was 15 years old qualifies as a "violent felony" as defined in the ACCA. The ACCA provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and

>imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1). Therefore, the ACCA imposes a mandatory minimum sentence of fifteen years on any person convicted under § 922(g), if that person has three prior convictions for a "violent felony" or a "serious drug offense." The ACCA further defines "violent felony" as

>any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>    (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>    (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another

18 U.S.C. § 924(e)(2)(B). Robinson's September 14, 1987 conviction for theft of property does not qualify as a "violent felony" because it does not meet any of the criteria in § 924(e)(2)(B)(i) or (ii). Therefore, in order for Robinson to have the three prior violent felony convictions necessary to trigger application of the ACCA, his November 17, 1978 youthful offender adjudication for burglary must qualify as a "previous conviction[] . . . for a violent felony" as defined by § 924(e)(2).[1]

---

[1] 18 U.S.C. § 924(e)(2)(C) states "the term 'conviction' includes a finding that a person has committed an act of juvenile delinquency involving a violent felony." Obviously, it would turn logic on its head if an act of juvenile delinquency was a "conviction" under the act, while a youthful offender adjudication in an adult court was not.

The ACCA provides that "[w]hat constitutes a conviction . . . shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(20).[2] Therefore, in order to determine whether an adjudication under Alabama's youthful offender statute constitutes a "conviction" under the ACCA, this Court must look to the laws of the State of Alabama.

The law in Alabama is clear that a sentence imposed under the Youthful Offender Act is not a "conviction." The Youthful Offender Act specifically provides that a determination made under the Act "shall not be deemed a conviction of crime." Ala. Code § 15-19-7(a). Moreover, Alabama courts have repeatedly held that youthful offender adjudications may not be considered prior convictions under Alabama law. *See Ex parte Thomas*, 435 So. 2d 1324, 1326 (Ala. 1982) (holding that an adjudication as a youthful offender can not be considered a prior felony conviction under Alabama's Habitual Offender Act); *Thomas v. State*, 445 So. 2d 992, 994 (Ala. Crim. App. 1984) (holding youthful offender adjudication cannot be used to impeach a witness's credibility); *Baldwin v. State*, 456 So. 2d 117, 123 (Ala. Crim. App. 1983) (holding youthful offender adjudication cannot be considered an aggravated

---

However, the statute only includes acts of juvenile delinquency "involving the use or carrying of a firearm, knife, or destructive device." 18 U.S.C. § 924(e)(2)(B). Here, there is no evidence that Robinson's youthful offense involved a firearm, knife, or destructive device.

[2] The fact that Robinson received a partial pardon for his offenses does not affect this analysis. The pardon that Robinson received restored his civil and political rights, but did not restore his right to possess firearms. An offense that has been pardoned will still be considered a "conviction" under § 924(e)(1) if the pardon does not restore the right to ship, transport, possess, or receive firearms. 18 U.S.C. § 921(a)(20).

circumstance under Alabama's death penalty statute).  Moreover, one federal court has held that a youthful offender adjudication in Alabama does not constitute a "felony conviction" for the purpose of qualifying as a career offender under USSG § 4B1.1. *United States v. Temmis*, 45 F. Supp. 2d 1305, 1306 (M.D. Ala. 1999) (DeMent, J.), *aff'd*, 203 F.3d 841 (11th Cir.).

While the Youthful Offender Act does provide that if the defendant "is subsequently convicted of crime, the prior adjudication as youthful offender shall be considered," Ala. Code § 15-19-7(a), this has been construed to mean only that the adjudication can be considered in determining the sentence to be imposed within a statutory range for a later crime. *Ex parte Thomas*, 435 So. 2d at 1326.  The Supreme Court of Alabama specifically rejected the argument that the clause meant that a youthful offender adjudication could be considered as a prior felony conviction under Alabama's Habitual Offender Act. *Id.*; *see also Gordon v. Nagle*, 2 F.3d 385, 387 (11th Cir. 1993) ("The most central consequence of [Alabama's] youth offender status . . . is that the adjudication made pursuant to such status may be considered in determining a sentence to be imposed within the statutory range for a later crime of which defendant is convicted, but it may not be considered a prior felony conviction as contemplated by the Habitual Offender Act.").

In *United States v. Wilks*, 464 F.3d 1240 (11th Cir. 2006), the Eleventh Circuit held that a prior adjudication under a youthful offender statute can only be considered a conviction under USSG § 4B1.1 if the youthful offense resulted in (1) an "adult conviction,"

6

and (2) a sentence of more than one year and one month. *Id.* at 1242. In order to determine whether a defendant was convicted as an adult, a court must look to (a) the nature of the proceedings, (b) the sentences received, and (c) the actual time served. *Id.* In *Wilks*, the Eleventh Circuit held that a Florida youthful offender adjudication did result in an adult conviction where the defendant was sentenced in an adult court, and the only difference in treatment between an adult criminal and the youthful offender was the maximum term of imprisonment and the type of facility in which the offender was incarcerated. *Id.* at 1243; *see also United States v. Pinion*, 4 F.3d 941, 943-45 (11th Cir. 1993) (holding South Carolina youthful offender adjudication qualified as conviction under USSG § 4B1.1 because "the nature of the proceedings, the sentences received, and the actual time served" indicated the youthful offense had resulted in an adult conviction).

In this case, it is clear that a youthful offender adjudication in the State of Alabama is not an "adult conviction." While they do occur in an adult court, the Eleventh Circuit has recognized that an adjudication under Alabama's Youthful Offender Act "is very different from [a] conviction of an adult. It is not deemed a conviction of crime at all. It does not disqualify for public office or public employment or forfeit any rights or privileges." *Gordon*, 2 F.3d at 387 (internal citation omitted). Moreover, in order to qualify for youthful offender status, a defendant is required to waive their right to trial by jury. Ala. Code § 15-19-1(a). In addition, the Supreme Court of Alabama has noted that "[t]he Youthful Offender Act is intended to extricate persons below 21 years of age from the harshness of criminal

7

prosecution and conviction. It is designed to provide them with the benefits of an informal, confidential rehabilitative system." *Raines v. State*, 317 So. 2d 559, 561 (Ala. 1975). Consequently, Robinson's November 17, 1978 youthful offender adjudication is not a conviction of a violent felony within the meaning of the ACCA. Therefore, Robinson has only two prior convictions for a violent felony and no prior convictions for a serious drug offense. Because three such convictions are required to trigger the ACCA in this case, the ACCA's 15 year mandatory minimum sentence does not apply. 18 U.S.C. § 924(e)(1).

DONE this the 31st day of October, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE